**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVID CALDERON, an individual,

Plaintiff - Appellant,

v.

SHELL PIPELINE COMPANY, L.P.,

Defendant - Appellee.

No. 11-56299

D.C. No. 2:10-cv-04896-R-PJW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted April 11, 2013
Pasadena, California

Before: BERZON, TALLMAN, and M. SMITH, Circuit Judges.

Plaintiff-Appellant David Calderon appeals the district court's grant of

summary judgment in favor of Defendant-Appellee Shell Pipeline Company, L.P.,

on Calderon's claims of national origin discrimination, age discrimination, and

retaliation, in violation of California's Fair Employment and Housing Act.  We

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

reverse and remand the district court's grant of summary judgment on Calderon's retaliatory failure-to-hire claim. We affirm the district court in all other respects.

Applying the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), the district court did not err in granting summary judgment on Calderon's age and national origin discrimination claims. Shell adequately rebutted Calderon's prima facie case of discrimination by showing that Calderon's position was non-essential and was eliminated pursuant to a global reduction-in-force. Calderon's statistical evidence regarding the protected characteristics of the individuals terminated at the Carson facility is insufficient to support an inference of pretext. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1283 (9th Cir. 2000).

However, the district court erred in granting summary judgment on Calderon's retaliation claim based on a failure-to-hire theory. *See Walker v. City of Lakewood*, 272 F.3d 1114, 1126 (9th Cir. 2001). Calderon has shown that he filed his internal complaint about a month before interviewing for the Van Nuys and Signal Hill Terminal Operator positions. A causal link between Calderon's protected complaint and Shell's decision not to hire him may be established "by an inference derived from circumstantial evidence, such as [Shell's] knowledge that [Calderon] engaged in protected activities and the proximity in time between the

2

protected action and allegedly retaliatory employment decision." *Morgan v. Regents of Univ. of Cal.*, 88 Cal. App. 4th 52, 69 (2000) (citations and internal quotation marks omitted). "Essential to a causal link is evidence that [Shell] was aware that [Calderon] had engaged in the protected activity." *Id.* at 70 (citations and internal quotation marks omitted). Calderon has raised specific and substantial evidence of pretext based on the inconsistent testimony of Larry Yates and Karen Shahan regarding Yates' knowledge of Calderon's complaint. This evidence, combined with evidence that one of the candidates selected may have been no more qualified for the position than Calderon—both had relevant prior experience and needed to be trained as new hires—may permit a fact-finder to conclude that Calderon was not chosen for the position in retaliation for filing his internal complaint.

The parties shall bear their own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART,** and **REMANDED.**